IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TYRESE D. HYLES, ) | |
|     Petitioner, ) | Case No. 7:23-cv-00400 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| WARDEN STREEVAL, ) | Chief United States District Judge |
|     Respondent. ) | |

## MEMORANDUM OPINION

Tyrese D. Hyles, a federal inmate proceeding pro se, commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the court will dismiss the petition without prejudice.

## Background

On October 18, 2001, a federal grand jury in the Eastern District of Missouri returned an indictment charging Hyles and a codefendant with murder-for-hire and conspiracy to commit murder-for-hire, in violation of 18 U.S.C. §§ 1958(a) and (2). United States v. Hyles, 479 F.3d 958, 961 (8th Cir. 2007). The government subsequently filed a superseding indictment that added grand jury findings of aggravating circumstances, and the government sought the death penalty against both defendants. Id. at 962. Hyles proceeded to trial, and a jury convicted him of both charges. Id. at 960. During the sentencing phase, the jury declined to impose the death penalty and instead recommended sentences of life imprisonment without the possibility of parole. Id. at 960, 965. On September 9, 2005, the trial court sentenced Hyles to consecutive life terms.

Hyles appealed his convictions to the United States Court of Appeals for the Eighth Circuit, and on March 21, 2007, the appellate court affirmed the criminal judgment. Id. at 971.

In July 2009, Hyles filed a motion to vacate under 28 U.S.C. § 2255. See Pet., ECF No. 1, at 4. The trial court denied the motion on May 10, 2010. Id. Since then, Hyles has filed numerous post-conviction motions, all of which have been denied. See id. (listing motions filed with the Eighth Circuit); see also Mem. Op., Hyles v. Breckon, No. 7:19-cv-00192 (W.D. Va. Mar. 17, 2020) (summarizing Hyles's post-conviction filings).

Hyles is presently incarcerated at USP Lee in Lee County, Virginia. He filed the current petition under 28 U.S.C. § 2241 on July 5, 2023, in which he asserts the following claims: (1) that his convictions are invalid because "[t]he Attorney General lacked legislative and territorial jurisdiction over the place . . . in which the murder or death resulted"; (2) that the trial court did not have jurisdiction over his offenses; (3) that his convictions and life sentences are invalid in light of the Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817 (2021); (4) that the Bureau of Prisons ("BOP") improperly denied his request for compassionate release on the basis that he is serving a sentence for a crime of violence; and (5) that a Sentence Monitoring Computation Data form attached to his petition contains inaccurate information regarding the applicable "offense code" and "sentence procedure." Pet. at 6–8; see also Mem. Supp. Pet., ECF No. 1-1, at 37-49; Pet. Ex. J., ECF No. 1-2.

## Discussion

A petition for writ of habeas corpus under 28 U.S.C. § 2241 may be filed to contest the manner in which a sentence is being executed. In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); see also Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015) ("As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under § 2255."). Pursuant to § 2241, a federal prisoner may petition for a writ

of habeas corpus if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "heart of habeas corpus" is comprised of claims "challenging the fact or duration of [an inmate's] physical confinement itself, and . . . seeking immediate release or speedier release from that confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973).

### I. Claims Challenging Hyles's Convictions and Sentences

Hyles's first three claims challenge the validity of his convictions and life sentences. As a general rule, a federal prisoner who seeks to challenge the legality of a conviction or sentence must do so by filing a motion to vacate under 28 U.S.C. § 2255. In re Vial, 115 F.3d at 1194; Fontanez, 807 F.3d at 86. Although § 2255 includes a "savings clause" that preserves the availability of a habeas remedy in cases where "the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention," 28 U.S.C. § 2255(e), the Supreme Court recently made clear that the savings clause only "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones v. Hendrix, 599 U.S. 465, 478 (2023).

Hyles has not identified any "unusual circumstances" that would make it "impossible or impractical" for him to seek relief in the Eastern District of Missouri. Id.; see also id. at 474 (providing examples of such "unusual circumstances" including "the sentencing court's dissolution"). Consequently, his claims challenging the validity of his convictions and life sentences are not cognizable under § 2241.

3

## II. Claim Challenging the Denial of His Request for Compassionate Release

Hyles's fourth claim challenges the BOP's decision to deny his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Hyles claims that the BOP improperly denied the request based on its determination that he committed a crime of violence.

Under § 3582(c)(1)(A), a sentencing court may reduce a term imprisonment if it finds that "extraordinary and compelling circumstances warrant such a reduction." This type of sentence reduction, known as compassionate release, is available "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

A grant or denial of compassionate release is a discretionary decision. United States v. Hargrove, 30 F.4th 189, 194–95 (4th Cir. 2022); see also United States v. Jones, 980 F.3d 1098, 1106 (6th Cir. 2020) (noting that the plain text of § 3582(c)(1)(A) "dictates that the compassionate release decision is discretionary, not mandatory"). Likewise, the BOP "has broad discretion in its decision to move the court for a sentence modification under § 3582(C)(1)(A)(i)." Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011). To the extent that Hyles seeks review of the BOP's denial of his request to bring a motion on his behalf, the BOP's decision is not subject to review under § 2241. See id. (affirming the denial of a § 2241 petition that sought review of the BOP's decision not to seek compassionate release for an inmate); see also United States v. Dowdell, 669 F. App'x 662, 662 (4th Cir. 2016) (affirming the denial of a petitioner's motion to compel the BOP to move for compassionate

4

release on his behalf, and noting that "[f]ederal law vests the Bureau of Prisons with discretion to seek a sentence reduction"); Eye v. Streeval, No. 7:20-cv-00272, 2021 WL 3423555, at *5 (W.D. Va. Aug. 5, 2021) (explaining that a § 2241 petition is not the appropriate vehicle for seeking compassionate release and that "a motion for compassionate release or sentence reduction under § 3582(c) must be filed in the sentencing court").

### III. Claim Challenging BOP Information

Hyles's final claim challenges the validity of certain information listed on a Sentence Monitoring Computation Data form attached to his petition. The BOP form lists his "offense code" as "546" and his "sentence procedure" as "3559 PLRA Sentence." Pet. Ex. J., ECF No. 1-2 at 56. It also lists his specific "off/chg" as "conspiracy to commit interstate murder for hire" and "interstate murder for hire," in violation of 18 U.S.C. §§ 1958(a) and (2), and the "sentence imposed/time to serve" as "life." Id. Hyles specifically challenges the validity of the designated "offense code" and "sentence procedure." See Pet. at 41–43. He assumes that the "offense code" of "546" refers to 18 U.S.C. § 546, which makes it unlawful to smuggle goods into the United States, and he argues that he was not convicted of that offense. Id. He also argues that his criminal judgment did not mention the "3559 (PLRA) sentencing procedure."* Id. at 38.

Hyles's challenges to the validity of the information recorded on the BOP form fail to state a cognizable claim for relief under § 2241. To establish entitlement to relief under § 2241,

---

* Exhibits attached to the petition explain that the provisions of the Prison Litigation Reform Act (PLRA) apply to sentences for offenses committed on or after April 26, 1996, and that the "offense code" listed on the BOP form is an internal code that corresponds to an inmate's counts of conviction. See ECF No. 1-2 at 45, 54.

5

a federal prisoner must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). He must also "demonstrate[] that the alleged violation was prejudicial." Rodriguez v. Ratledge, 715 F. App'x 261, 266 (4th Cir. 2017) (citing Burgess v. Dunbar, 628 F. App'x 175, 176 (4th Cir. 2015)); see also Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997) (noting that a prerequisite to the issuance of a writ of habeas corpus is a showing of prejudice as a result of the alleged violation) (citing Simpson v. Ortiz, 995 F.2d 606, 609 (5th Cir. 1993)).

Here, the BOP form on which Hyles relies correctly indicates that Hyles was convicted of murder-for-hire and conspiracy to commit murder-for-hire, in violation of 18 U.S.C. §§ 1958(a) and 2, and that he was sentenced to life imprisonment. To the extent that Hyles challenges the validity of other codes listed on the form, he does not "link [the alleged] inaccuracies . . . to an injury affecting the fact or length of his sentence," Blackshear v. Lockett, 411 F. App'x 906, 911 (10th Cir. 2011) (citing Preiser, 411 U.S. at 498–99), or otherwise plausibly allege that he has suffered any cognizable prejudice as a result of the alleged errors. Even if Hyles could show that the "offense code" or "sentence procedure" listed on the BOP form were somehow inaccurate, he would not be entitled to immediate or speedier release from confinement.

## Conclusion

For the reasons stated herein, the court concludes that Hyles's § 2241 petition must be dismissed without prejudice. An appropriate order will be entered.

Entered: January 11, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.01.11 17:40:23
-05'00'

Michael F. Urbanski
Chief United States District Judge

7